Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Raquel Kathy Wilson, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM: *

Juan Guardado–Ortega ("Guardado") appeals the sentence imposed following his guilty-plea convictions for use of a non-immigrant visa obtained by fraud and for illegal reentry following deportation subsequent to a conviction for an aggravated felony. Guardado argues that the district court erred by finding that his California felony convictions for possession of cocaine and possession of a controlled substance were aggravated felonies for purposes of U.S.S.G. § 2L1.2(b)(1)(C) and 8 U.S.C. § 1101(a)(43)(B), because his offenses were punishable only as misdemeanors under federal law.

Guardado's argument is foreclosed by this court's opinion in *United States v. Hinojosa–Lopez*, 130 F.3d 691, 694 (5th Cir.1997). Accordingly, Guardado's sentence is AFFIRMED.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Armando TORRES–AVILA, Defendant–Appellant.**

**No. 04–40527.
Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

Decided Dec. 17, 2004.

Mitchel Neurock, U.S. Attorney's Office Southern District of Texas, Laredo, TX, for Plaintiff–Appellee.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Norman E Mcinnis, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM: *

Armando Torres–Avila (Torres) appeals his guilty-plea conviction and sentence for illegal reentry after deportation. He ar-

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

gues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and that his sentence is improper under *Blakely v. Washington,* ⎯ U.S. ⎯, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). These arguments are, as he concedes, foreclosed. *See Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *United States v. Pineiro,* 377 F.3d 464, 465–66 (5th Cir.2004), *petition for cert. filed* (U.S. July 14, 2004) (No. 04–5263); *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). Torres's conviction and sentence are AFFIRMED.